UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MOORE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV205 HEA |
| U.S. BANK N.A. and ANN VASQUEZ, | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend this Court's February 13, 0207 Order Dismissing Defendant Ann Vasquez and Motion to File Memorandum of Law Out of Time, [Doc. No. 13] and Plaintiff's Motion to Remand, [Doc. No. 10]. Defendant U.S. Bank N.A. opposes the Motions. For the Reasons set forth below, the Motion to Amend is denied; the Motion to Remand is denied; the Motion for Leave to File Memorandum of Law Out of Time is granted.

On February 13, 2007, the Court granted Defendant Vasquez's Motion to Dismiss for Fraudulent Joinder. Although Plaintiff has styled his motion as a motion to amend, Plaintiff is actually asking the Court to reconsider its ruling and deny the Motion. Plaintiff contends that he has indeed stated a valid claim against Vasquez. Furthermore, in the event that the Court does reconsider its ruling, Plaintiff moves to

remand because Plaintiff and Defendant Vasquez are both citizens of Missouri and therefore the Court would not have diversity jurisdiction over this matter.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." ***Broadway v. Norris,*** 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit Court of Appeals has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' ***Anderson v. Raymond Corp.,*** 340 F.3d 520, 525 (8th Cir.2003) (citing ***Broadway,*** 193 F.3d at 989)." ***Elder-Keep v. Aksamit,*** 460 F.3d 979, 984 - 985 (8th Cir 2006). (as noted in the footnote, "The plain language of Rule 60 states that it applies to 'a final judgment, order, or proceeding.' The district court 'may' relieve a party from such an order when, for example, the party demonstrates 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)(1), (6)." ***Id.,*** Footnote 5).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." ***Watkins v. Lundell***, 169 F.3d 540, 544-45 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle

for simple reargument on the merits." *Broadway*, 193 F.3d at 990.

Plaintiff has not established that the February 13, 2007 Order was in error. As previously noted, the Petition specifically names Defendant U.S. Bank N.A. in four counts and only one count, arguably,[1] was brought against Vasquez for promissory estoppel. Considering this single claim, the Court found that Plaintiff could not maintain the action against Vasquez.

Plaintiff now argues that he actually brought the fraudulent omission claim (Count III) and the negligent omission claim against Vasquez, as well as against U.S. Bank, and relies on the general rule under Missouri law that a corporate officer may be liable for the tortious conduct of the corporation if they have actual or constructive knowledge of, and participated in, an actionable wrong. *State ex rel. Doe Run Res. Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo banc 2004). While this may be an accurate statement of the general rule, the Petition negates Plaintiff's argument that these claims were raised against Defendant Vasquez. The Petition clearly alleges these claims are brought "against U.S. Bank, N.A." Plaintiff cannot rely on allegations brought <u>only</u> against U.S. Bank to support his argument that he has stated these causes of action against Vasquez.

---

[1] In its February 13, 2007 Order, the Court was construing the pleadings in the light most favorable to Plaintiff. A close reading of the Petition reveals that although Plaintiff alleges that Vasquez had actual or constructive knowledge of the tortious conduct, there are absolutely no other allegations to support this.

Plaintiff cannot now dovetail his claim against Vasquez based on Counts brought against U.S. Bank.

Under the claim for promissory estoppel, Plaintiff does not allege that Defendant Vasquez made any promises, rather, the Petition alleges that Defendant U.S. Bank N.A. made promises regarding the sales commissions. As stated, the Petition failed to state a claim for promissory estoppel under Missouri law.

Based upon the foregoing, Plaintiff's Motion to Amend is without merit, and therefore there is no basis upon which this matter should be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Amend this Court's February 13, 0207 Order Dismissing Defendant Ann Vasquez, [Doc. No. 13], is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 10], is denied.

Dated this 11th day of May, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE